U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

MAR 3 0 2017

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BOBBIE JO HEFNER,                  §
                                   §
            Plaintiff,             §
                                   §
VS.                                §   NO. 4:17-CV-113-A
                                   §
TEXAS HEALTH MEMORIAL HOSPITAL     §
FORT WORTH, ET AL.,                §
                                   §
            Defendants.            §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of defendants, Texas
Health Harris Methodist Hospital Fort Worth (misnamed as Texas
Health Memorial Hospital Fort Worth) ("Harris Fort Worth") and
Texas Health Arlington Memorial Hospital (misnamed as Texas
Health Memorial Hospital Arlington) ("THAM"), to dismiss.
Plaintiff, Bobbie Jo Hefner, has failed to respond to the
motions, which are ripe for ruling.[1] The court, having considered
the motions, the record, and applicable authorities, finds that
the motions should be granted.

I.

### Plaintiff's Claims

Plaintiff filed her original complaint on February 15, 2017,
complaining of events that apparently occurred on, and within a

_____

[1]Plaintiff was granted an extension of time until March 29, 2017, in which to respond, but has
apparently recognized the merits of the motions and decided to conserve her resources.

few days of, February 4, 2015. Doc.[2] 1. The gist of plaintiff's
complaint is that on February 4, 2015, she was experiencing
significant duress and not eating or sleeping well, because her
husband was scheduled for brain surgery. Doc. 1 at 5, ¶ 18. She
sought "simple medical treatment" from Harris Fort Worth. Id. She
hoped to stay in the hospital over a night or two to stabilize
and get back to her husband and daughter. Id. Harris Fort Worth
told plaintiff that it did not have room to provide treatment and
that plaintiff needed to be transferred to another facility. Id.
at ¶ 20. Plaintiff signed a number of papers and was transferred
to THAM, where she was "mistreated and misinformed." Id. at ¶¶
21-25.

Plaintiff does not allege any other specific facts, other
than to say that she has requested her medical records and
believes that they will show that her admission was fraudulent
and that she did not receive necessary treatment options. See,
e.g., Doc. 1 at ¶¶ 30-31.

Plaintiff asserts claims pursuant to the Rehabilitation Act
of 1973, 29 U.S.C. § 794, for violations of the Mental Health
Code (citing to various provisions of the Texas Health & Safety
Code) and Texas Deceptive Trade Practices-Consumer Protection
Act, Tex. Bus. & Com. Code §§ 17.41-.63, for false imprisonment,

---

[2]The "Doc. __" reference is to the number of the item on the docket in this action.

medical negligence, common law negligence, conspiracy, and gross
negligence.

## II.

### Grounds of the Motions

Defendants each assert that plaintiff has failed to state
any claim upon which relief can be granted. They request that all
claims be dismissed, or, alternatively, that the Rehabilitation
Act claim be dismissed and that the court decline to exercise
jurisdiction over the state law claims.

## III.

### Motion to Dismiss for Failure to State a Claim

Rule 8(a)(2) of the Federal Rules of Civil Procedure
provides, in a general way, the applicable standard of pleading.
It requires that a complaint contain "a short and plain statement
of the claim showing that the pleader is entitled to relief,"
Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair
notice of what the claim is and the grounds upon which it rests,"
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted). Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court

must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible.  Iqbal, 556 U.S. at 678.  To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient.  Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief.  Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d

4

533, 536 (5th Cir. 2003). The court may also refer to matters of public record. <u>Davis v. Bayless</u>, 70 F.3d 367, 372 n.3 (5th Cir. 1995); <u>Cinel v. Connick</u>, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. <u>Patterson v. Mobil Oil Corp.</u>, 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. <u>Kitty Hawk Aircargo, Inc. v. Chao</u>, 418 F.3d 453, 457 (5th Cir. 2005); <u>Coleman v. Dretke</u>, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

<u>Analysis</u>

The Rehabilitation Act provides: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be . . . subjected to discrimination . . . " 29 U.S.C. §794(a). To assert a claim under the Rehabilitation Act, a plaintiff must establish that she has a disability, that she was otherwise qualified for services, and that she was denied services solely by reason of her disability. <u>Hileman v. City of Dallas</u>, 115 F.3d 352, 353 (5th Cir. 1997); <u>Brown v. Wilson</u>, No. 5:10-CV-181-C, 2012 WL 6719464, at *3 (N.D. Tex. Dec. 27, 2017).

Here, plaintiff's has not stated a claim under the Rehabilitation Act for a number of reasons. Among them are that she has not pleaded facts to show that she is a person with a disability. Plaintiff has only pleaded that she "wasn't eating or

5

sleeping well" and "was experiencing significant duress." Doc. 1
at 5, ¶ 18. She has pleaded no facts to show that these
impairments substantially limited a major life activity. <u>Carter</u>
<u>v. Ridge</u>, 255 F. App'x 826, 830 (5th Cir. 2007)(an impairment is
substantially limiting if it significantly restricts the activity
as compared to average persons in the general population;
difficulty sleeping is extremely widespread, vague assertions of
lack of sleep are not enough to show disability); <u>Ortega v.</u>
<u>Chertoff</u>, 600 F. Supp. 2d 828, 836 (W.D. Tex. 2008)(whether
impairment is substantially limiting depends on its nature and
severity, duration, and permanent or long-term impact). <u>See</u>
<u>Waldrip v. General Elec. Co.</u>, 325 F.3d 652, 657 (5th Cir.
2003)(temporary effects on ability to eat are insufficient to
show disability).

Plaintiff has not pleaded that the alleged discrimination
was based solely on her disability. <u>Flynn v. Distinctive Home</u>
<u>Care, Inc.</u>, 812 F.3d 422, 428 (5th Cir. 2016). Rather, she has
pleaded that defendants were motivated "solely to increase
[their] individual profits." Doc. 1 at 6, ¶ 34.

Other reasons the claim fails are discussed in the motion of
THAM and need not be discussed here. The court does note that it
does not appear that plaintiff could pursue a Rehabilitation Act
claim given that it was never intended to provide remedies for

alleged medical negligence. <u>Brown</u>, 2012 WL 6719464, at *3. For that reason, no purpose would be served by allowing plaintiff to amend her complaint, even had she made such a request, and she has not.

Inasmuch as plaintiff has not pleaded facts sufficient to support her only federal claim, the court lacks jurisdiction over this action and declines to exercise supplemental jurisdiction over her state law claims. 28 U.S.C. § 1367(c)(3).

V.

### Order

The court ORDERS that plaintiff's claim under the Rehabilitation Act be, and is hereby, dismissed. The court further ORDERS that plaintiff's state law claims be, and are hereby, dismissed pursuant to 28 U.S.C. § 1367(c)(3).

SIGNED March 30, 2017.

JOHN McBRYDE
United States District Judge